IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **NEW MILLENNIUM CAPITAL** § <br> **PARTNERS II, LLC** and § <br> **AJW PARTNERS, LLC**, § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> **HUMITECH INTERNATIONAL** § <br> **GROUP INC.** and **C. J. COMU**, § <br> § <br> Defendants. § | Civil Action No. 3:06-CV-1180-L |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Defendant C. J. Comu's Motion to Dismiss and Supporting Brief, filed November 21, 2006.[1] After careful review of the motion, response, briefs, record, and applicable authority, the court, for the reasons set forth herein, **denies** Defendant C. J. Comu's Motion to Dismiss.

### I.   Factual and Procedural Background

This case arises out of an investment arrangement between Plaintiffs New Millennium Capital Partners II, LLC and AJW Partners, LLC (collectively, "Plaintiffs") and Airtech, a company that is not a party in this proceeding. Plaintiffs filed this action on July 3, 2006, against Defendants Humitech International Group Inc. and C. J. Comu (collectively, "Defendants"). The court will set forth the known facts, which come primarily from Plaintiffs' Complaint and are undisputed by Defendants, except where noted.

---

[1]Defendant Comu filed this motion, alone, and Defendant Humitech is not included in the motion or by the court in this memorandum opinion and order.

**Memorandum Opinion and Order - Page 1**

Defendant C. J. Comu ("Comu") was the chairman and chief executive officer of Airtech in early 2001 when he approached Plaintiffs regarding a potential investment in Airtech. Compl. ¶¶ 7-9. After successful negotiation, Plaintiffs invested money in Airtech and obtained secured convertible debentures in return.[2] Compl. ¶ 9. In connection with these debentures, Plaintiffs received a pledge of all of Airtech's collateral, including all Airtech stock held in its wholly-owned subsidiary, Airsopure International Group, Inc. (later renamed "Humitech"), which was created by Comu in 2001. Compl. ¶¶ 12-17. In October and November 2001, Plaintiffs exercised their right to convert outstanding principal due under the debentures into shares of Airtech common stock, but Airtech failed to deliver such securities within the required time frame under the debentures. Compl. ¶ 13. Plaintiffs allege that Comu prevented Airtech from immediately delivering the shares of common stock to Plaintiffs, purportedly to obtain a personal advantage by keeping stock prices high while he sold his own shares. Compl. ¶ 14.

During the course of 2001, Humitech held many of Airtech's assets, and Plaintiffs contend that Comu designated Humitech the beneficiary of new business opportunities even though the rights associated with such opportunities belonged to Airtech. Compl. ¶ 18. Plaintiffs further contend that Comu approved the distribution of all Airtech common stock held in Humitech, which had been pledged as security to Plaintiffs, to Airtech's shareholders before resigning his position with Airtech to assume similar duties with Humitech. Compl. ¶¶ 19; 22.

Stripped of these assets, Airtech defaulted on the debentures and contended that it was unable to pay Plaintiffs. Compl. ¶ 23. Plaintiffs then brought suit against Airtech in the United States

---

[2]Plaintiff AJW Partners obtained debentures worth $520,000 and Plaintiff New Millennium Capital obtained debentures worth $280,000. Compl. ¶ 10. Later the same year they each obtained additional debentures in the principal amount of $130,000 and $70,000, respectively. Compl. ¶ 11.

**Memorandum Opinion and Order - Page 2**

District Court for the Southern District of New York in December, 2001, and obtained judgments against Airtech for $1,234,766 and $672,696, respectively. Compl. ¶ 24. No payment has been made on these judgments, and Plaintiffs now seek recovery for the same amounts from Defendants in this action.

Plaintiffs bring six causes of action, including: (1) successor liability against Defendant Humitech; (2) breach of fiduciary duty against Defendant Comu; (3) fraudulent conveyance against both Defendants; (4) unjust enrichment against both Defendants; (5) tortious interference with contractual relations against Defendant Comu; and (6) a plea for the court to impose a constructive trust against both Defendants. Comu's motion to dismiss does not cite to Fed. R. Civ. P. 12(b)(6); however, Comu is alleging that Plaintiffs have failed to state valid claims against him, in part because Plaintiffs have not alleged in their complaint a personal guarantee from Comu that would render him personally liable for Airtech's obligations. Accordingly, the court construes his motion to dismiss as one for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

## II.   Motion to Dismiss Standard

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) "is viewed with disfavor and is rarely granted." *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). A district court cannot dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). Stated another way, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts

**Memorandum Opinion and Order - Page 3**

that could be proved consistent with the allegations." *Swierkiewicz v. Sorema*, 534 U.S. 506, 514 (2002) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).  In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  In ruling on such a motion, the court cannot look beyond the pleadings.  *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).  The pleadings include the complaint and any documents attached to it.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'"  *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid cause of action when it is viewed in the light most favorable to the plaintiff and with every doubt resolved in favor of the plaintiff.  *Lowrey*, 117 F.3d at 247.  A court, however, is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions or legal conclusions.  *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted).  The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has a legally cognizable claim.  *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

**III.    Analysis**

As a preliminary matter, Comu contends that Plaintiffs' Complaint fails to state a necessity for relief from this court.  Defendant C.J. Comu's Motion to Dismiss and Supporting Brief ("Comu

Br.") at 1. He suggests that Plaintiffs should simply transfer their New York judgments to Texas in order to seize Airtech assets, and further contends that Plaintiffs are precluded from holding him personally liable for Airtech's debt. Comu Br. at 1-2. Comu fails to cite any authority to support his position.

The court determines that Plaintiffs are not barred from bringing claims against Comu separate from their claims against Airtech. Comu mistakenly assumes that Plaintiffs are attempting to collect Airtech's debt from him, when they have asserted separate and distinct causes of action against Comu for his alleged misconduct during his time as chairman of Airtech. Plaintiffs' judgment against Airtech in New York was for breach of contract. Compl. ¶ 24. Plaintiffs now bring suit against Comu for breach of fiduciary duty, fraudulent conveyance, unjust enrichment, tortious interference with a contract, and constructive trust. Compl. ¶¶ 25-50. These claims are different from the New York claim against Airtech; therefore, Plaintiffs are not barred from bringing suit and seeking equitable relief against Comu.

### A.     Breach of Fiduciary Duty

Comu alleges that Plaintiffs' breach of fiduciary claim is unfounded because no fiduciary relationship existed. Comu Br. at 2. Whether a fiduciary relationship existed is a question of fact, which Comu disputes without proof. In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. A court may only dismiss a complaint if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Swierkiewicz*, 534 U.S. at 514.

In their Complaint, Plaintiffs allege that a fiduciary relationship existed between Comu and Plaintiffs. Compl. ¶ 29. Plaintiffs further allege that Comu breached his fiduciary duty to Plaintiffs. Compl. ¶ 30. Plaintiffs conclude that they were injured by this alleged breach. Compl. ¶ 31. The court determines that Plaintiffs have alleged facts necessary to state a claim breach of fiduciary duty. Accordingly, Comu's motion to dismiss Plaintiffs' breach of fiduciary duty claim is denied.

### B.     Fraudulent Conveyance

Comu contends that Plaintiffs' fraudulent conveyance claim is invalid because Comu did not personally receive or possess the alleged fraudulently transferred assets. Comu Br. at 3. In Texas, a transfer is fraudulent as to creditors if it is made with "actual intent to hinder, delay, or defraud any creditor of the debtor," or if the transfer is made "without receiving a reasonably equivalent value in exchange for the transfer or obligation." Tex. Bus. & Com. Code Ann. § 24.005(a)(1)-(2) (Vernon 2002).

Plaintiffs contend that Comu acted with actual intent to defraud creditors, including Plaintiffs. Compl. ¶ 36. Plaintiffs also allege that Comu made the transfer without receiving a reasonably equivalent value in exchange for the transfer, insofar as the transfer was made without any consideration. Compl. ¶ 19. This case is at the pleadings stage. If Comu believes that Plaintiffs cannot establish their claims, then Comu may move for summary judgment, pursuant to Fed. R. Civ. P. 56 at the appropriate time, supported by competent summary judgment evidence. As for Comu's motion to dismiss, the court concludes that Plaintiffs have alleged sufficient facts to state a claim for fraudulent transfer. Accordingly, Comu's motion to dismiss Plaintiffs' fraudulent transfer claim is denied.

### C. Unjust Enrichment

Comu argues that Plaintiffs have failed to state a claim against him for unjust enrichment because their debenture contracts limit them to a recovery from Airtech alone. Comu Br. 3-4. In Texas, the unjust enrichment doctrine applies the principles of restitution to disputes which, for one reason or another, are not governed by a contract between the contending parties. *Burlington N. R.R. v. Southwestern Elec. Power Co.*, 925 S.W.2d 92, 97 (Tex. App.–Texarkana 1996), *aff'd Southwestern Elec. Power Co. v. Burlington N. R.R.*, 966 S.W.2d 467 (Tex. 1998).

Plaintiffs allege in their Complaint that Comu has been "unjustly conferred a benefit at the expense of plaintiffs." Compl. ¶ 42. Plaintiffs further allege that Comu obtained this benefit by taking advantage of his corporate powers as chairman of Airtech in order to prevent the delivery and sale of Plaintiffs' common stock while, at the same time, selling his own. Comp. ¶ 14. The court concludes that Plaintiffs have stated a valid claim of unjust enrichment. Accordingly, Comu's motion to dismiss Plaintiffs' unjust enrichment claim is denied.

### D. Tortious Interference with Contractual Relations

Comu contends that Plaintiffs cannot assert a claim for tortious interference with contractual relations because his actions, as a corporate agent, were in furtherance of Airtech's best interest. Comu Br. at 4. Comu has asserted this as a defense; however, the court cannot dismiss a complaint unless it appears beyond doubt that Plaintiffs can prove no set of facts in support of their claim which would entitle them to relief. *Conley*, 335 U.S. at 45-46. Again, this case is at the pleadings stage. If Comu believes that Plaintiffs cannot establish their claims, then Comu may move for summary judgment, pursuant to Fed. R. Civ. P. 56 at the appropriate time, supported by competent summary judgment evidence. As for Comu's motion to dismiss, the court, accepting all allegations

in the Complaint as true and viewing them in the light most favorable to Plaintiffs, determines that Plaintiffs have stated a valid cause of action for tortious interference with contractual relations. Comu's motion to dismiss Plaintiffs' tortious interference claim is denied.

### E.     Constructive Trust

Comu contends that Plaintiffs cannot state a claim for imposing a constructive trust because Plaintiffs already have an adequate remedy at law against Airtech. Comu Br. at 5. This argument is similar to Comu's general contention that Plaintiffs are barred from suit because they have already obtained judgment against Airtech. Comu Br. at 1. As discussed earlier, Plaintiffs are bringing claims against Comu for his alleged misconduct during his time as chairman of Airtech that are distinct from Plaintiffs' original breach of contract claim against Airtech. As such, even if Plaintiffs do have an adequate remedy at law against Airtech, they are not precluded from filing separate claims against Comu and requesting a constructive trust.

Plaintiffs have alleged valid causes of action for both fraudulent transfer and unjust enrichment against Comu. Furthermore, Plaintiffs have identified the Airtech assets from which Comu allegedly benefits as the *res* of their interest. Compl. ¶ 49. Accepting all allegations in the Complaint as true and viewing them in the light most favorable to Plaintiffs, the court determines that Plaintiffs have stated valid causes of action to request the imposition of a constructive trust. Comu's motion to dismiss Plaintiffs' claim for imposing a constructive trust is denied.[3]

---

[3] Even though Plaintiffs list constructive trust as one of their claims, a constructive trust is really more of a remedy. Accordingly, it would be premature to dismiss this request when the merits of the litigation have not yet been determined.

**Memorandum Opinion and Order - Page 8**

**IV.     Conclusion**

For the reasons stated herein, the court determines that Plaintiffs have stated valid claims for breach of fiduciary duty, fraudulent conveyance, unjust enrichment, tortious interference with contractual relations, and imposition of a constructive trust against Comu. Accordingly, Defendant C. J. Comu's Motion to Dismiss is **denied**.

**It is so ordered** this 28th day of June, 2007.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge